FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
11:00 am, Sep 03, 2020
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-02630

**FIRE AND HAIL RESTORATION LLC**, a Colorado Limited Liability Company,

    Plaintiff,

v.

**AMGUARD INSURANCE COMPANY**, a Pennsylvania Insurance Business Corporation,

    Defendant.

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiff, Fire and Restoration LLC, by and through its attorneys, Furtado Law PC, for its First Amended Complaint and Jury Demand against the above-named Defendant, AmGuard Insurance Company, and states as follows:

### I. NATURE OF THE ACTION

1. Plaintiff brings this action seeking economic and non-economic damages related to Defendant's breach of an insurance contract and statutory claims pursuant to C.R.S. §§10-3-1115 and 10-3-1116 arising from Defendant's unreasonable delay and denial of timely payment for insurance benefits. Plaintiff also seeks damages arising from Defendant's bad faith breach of insurance contract.

## II. PARTIES

2. Fire and Hail Restoration, LLC ("Plaintiff") is a Colorado limited liability company with its principal place of business at 1415 Park Avenue West, Denver, Colorado 80205. Fire and Hail Restoration LLC is a limited liability company with two members, Bradley Coly and Andrew Leon. Mr. Coley and Mr. Leon are both domiciled in the state of Colorado with addresses of 3201 Brighton Blvd., #110, Denver, Colorado 80216 for Mr. Coley and 2990 S. Cherry Way, Denver, Colorado 80222 for Mr. Leon.

3. AmGuard Insurance Company is a foreign insurance company with its principle place of business located in Pennsylvania and is authorized to do business in Colorado.

## III. VENUE

4. Jurisdiction is asserted pursuant to 28 U.S.C. §1332 and 28 U.S.C. § 1391. The amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties. Venue is proper because Defendant's insurance policy was purchased in Colorado and was intended to provide coverage for a property located in Colorado.

## IV. GENERAL ALLEGATIONS

5. Baker Lofts Homeowners Association, Inc. sought and obtained an insurance policy, Policy No. BABP126231 ("the Policy"), from AmGuard Insurance Company ("hereinafter referred to as Defendant") for a condominium complex located at 117 Elati Street, Denver, CO 80223 (the "Property").

6. Baker Lofts Homeowners Association, Inc. assigned its to Plaintiff.

7. On or about July 4, 2019, a hail and windstorm struck the named insured's Property causing damage.

8. Hail and wind are covered causes of losses included in Defendant's contract with its named insured.

9. Shortly after, the named insured filed its claim with Defendant and Defendant issued claim number BABP086823.

10. Defendant assigned Brian Rubidoux of Engle Martin and Associates ("Engle Martin") to adjust the loss.

11. At all relevant times, Brian Rubidoux and Engle Martin acted as agents of Defendant.

12. The named insured hired Fire and Hail Restoration to act as its general contractor and provided its estimate of damage to Brain Rubidoux on April 3, 2020.

13. On or about April 7, 2020, a representative of Plaintiff contacted Mr. Rubidoux regarding the claim and was informed that an engineer had been assigned to inspect the named insured's property.

14. On or about May 11, 2020, a representative of Plaintiff sent a copy of the Assignment of Benefits to Mr. Rubidoux and Mr. Rubidoux informed Plaintiff that he had received authorization from the defendant to engage an engineer.

15. On or about May 21, 2020, Matt Sitzman of Haag Engineering visited the insured property and confirmed hail damage to the Property.

16. Mr. Rubidoux has not sent the engineer's report to Plaintiff or the named insured.

17. Defendant has never provided an estimate or provided a position regarding its adjustment of this claim.

18. On July 14, 2020, Mr. Rubidoux was sent the estimate from Plaintiff for damage in the amount of $143,096.65 for restoration of the Property due to the hail damage.

19. Defendant's delay in providing its engineering report to Plaintiff and its delay in providing its position regarding the damage to the named insured's property is a breach of its contract and an unreasonable delay in providing contractual benefits that are owed due to the hail and loss.

20. Upon information and belief, Plaintiff has still not received any covered benefits under the policy for the July 4, 20219 loss.

21. Plaintiff is owed covered benefits under its insurance policy with Defendant for damages incurred from the July 4, 2019 loss.

22. Defendant has failed to adjust the loss resulting in an unreasonable delay of covered benefits.

23. Defendant's failure to pay any covered benefits to Plaintiff under the policy is a breach of insurance contract.

24. Defendant, without a reasonable basis, failed to conduct a reasonable investigation based upon all available information.

25. Defendant, without a reasonable basis, delayed providing a scope of loss and an amount of loss and delayed approving a scope of repair in a timely manner having failed to provide any estimate of damages to-date.

26. Defendant, without a reasonable basis, has failed to pay any benefit under its policy of insurance with its named insured.

27. Defendant, without a reasonable basis, has delayed and denied benefits under its named insured's policy.

28. Defendant, without a reasonable basis, has failed to effectuate a prompt, fair and equitable settlement of its named insured's claim which has been assigned to Plaintiff in which liability has become reasonable clear.

29. Defendant, without a reasonable basis, failed to adopt and implement a reasonable standard for the prompt investigation of claims arising under insurance policies.

30. Defendant, without a reasonable basis, failed to affirm or deny its named insured's claim which has been assigned to Plaintiff within a reasonable time after a proof of loss statement was completed.

### V. FIRST CLAIM FOR RELIEF
*(Breach of Contract)*

31. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth herein.

32. The Policy creates a contract of insurance.

33. By its actions, as described above, Defendant breached the contract of insurance.

34. As a direct and proximate result of said breach, the Plaintiff is entitled to damages in an amount to be determined at trial.

## VI.   SECOND CLAIM FOR RELIEF
*(Violation of C.R.S. §10-3-1115 and Relief Pursuant to §10-3-1116)*

35. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth herein.

36. C.R.S. §10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

37. Plaintiff is a first-party claimant under C.R.S. §10-3-1115.

38. Defendant has denied the Plaintiff's claim without a reasonable basis within the meaning of C.R.S. §10-3-1115.

39. C.R.S. §10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed by an insurer may bring an action in Colorado district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

40. Because of Defendant's actions, as described above, violate C.R.S. §10-3-1115, Plaintiff brings this claim to recover its reasonable attorneys' fees and court costs and two times the covered benefit, as allowed under C.R.S. §10-3-1116.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court enter judgment in its favor and against Defendant on its Claims for Relief as follows:

1. Damages for Defendant's breach of contract;

2. All unpaid covered benefits owed under the Policy;

3. Two times the amount of all covered benefits under the Policy;

4. Costs, expert witness fees, and attorneys' fees per statute incurred in prosecuting its claims;

5. Pre- and post-judgment interest; and

6. For such other and further relief as this Court may deem just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated this 30th day of August, 2020.

/s/ David J. Furtado
David J. Furtado, Esq.
James O'Donnell, Esq.
Furtado Law PC
3773 Cherry Creek N. Drive Suite 755
Denver, CO 80209
Telephone: (303)755-2929
E-mail: dfurtado@furtadolaw.com
dave@furtadolaw.com
Attorneys for Plaintiff